The sole error that Defendant-Appellant has assigned is that the trial court erred when it held that the warrantless search of his vehicle which yielded the contraband that his motion sought to suppress was justified and, therefore, reasonable for purposes of the Fourth Amendment.
In State v. Smith (1978), 56 Ohio St.2d 405, the Supreme Court held:
 Where a police officer stops and approaches a motor vehicle at night for a traffic violation and sees the driver, while exiting the car, furtively conceal something under the front seat, a limited search of that area is reasonable for the purpose of the officer's protection.
Id., Syllabus by the Court.
The facts involved in the search here are identical to those in Smith, excepting only that in Smith the driver pushed an object under his seat with his foot instead of his hand and that in Smith
the search yielded a gun rather than contraband, as the search did here. Absent a claim that the officer lacked probable cause to seize the article as contraband, which Defendant-Appellant has not presented, there is no difference between the judgment entered by the trial court here and the rule announced in Smith. I would overrule the assignment of error on that basis, which does not require us to reach the issue of whether the officer had probablecause to seize the article involved under the "plain view" doctrine.
Copies mailed to:
Kirsten A. Davies
Michael C. Thompson
Hon. Patrick J. Foley